**UNITED STATES DISTRICT**
**DISTRICT OF MASSACHUSETTS**


UNITED STATES OF AMERICA,    )
        Plaintiff,       )
        vs          )  No. 1:24-CR-10312
LIU ZHOU, also known as DAVID)
ZHOU,                 )
        Defendant.      )


BEFORE THE HONORABLE ANGEL KELLEY
UNITED STATES DISTRICT JUDGE
WAIVER OF INDICTMENT AND PLEA TO INFORMATION


John Joseph Moakley United States Courthouse
Courtroom No. 8
One Courthouse Way
Boston, Massachusetts  02210

WEDNESDAY, OCTOBER 30, 2024
11:38 A.M.


Catherine L. Zelinski, RPR, CRC
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3-205
Boston, Massachusetts  02210
Email: CAL.Zelinski.Steno@gmail.com


Mechanical Steno - Computer-Aided Transcript

**APPEARANCES:**

Christopher J. Markham, DOJ-USAO
One Courthouse Way
Boston, MA 02210
Telephone: 617-748-3236
Email: Christopher.markham2@usdoj.gov
for Plaintiff.


Jason G. Benzaken
Benzaken and Wood, LLP
1342 Belmont Street, Suite 102
Brockton, MA 02301
Telephone: 508-897-0001
Email: Jbenzaken@bmswlaw.com
for Defendant.

**P R O C E E D I N G S**

1
2          THE CLERK:  United States District Court for the
3   District of Massachusetts is now in session.  The Honorable
4   Angel Kelley presiding.  Court calls Criminal Action 24-10312,
5   *United States versus Liu Zhou* will now be heard before this
6   court.
7          THE COURT:  Thank you.
8          Good morning to everyone.  Can I have you please state
9   your appearances for the record.  And let's start with the
10  government.
11         ATTORNEY MARKHAM:  Christopher Markham for the
12  government, your Honor.
13         ATTORNEY BENZAKEN:  Good morning, your Honor.  Jason
14  Benzaken for Mr. Zhou.
15         THE COURT:  All right.  And good morning to you,
16  Mr. Zhou.
17         Could I also have Probation's appearance?
18         PROBATION:  Yes, good morning, your Honor.  Maureen
19  Curran for Probation.
20         THE COURT:  Is it Curran did you say?
21         PROBATION:  Curran.
22         THE COURT:  All right, thank you.
23         All right, so we're here for an initial appearance
24  plea hearing where the -- it's my understanding that the
25  defendant intends to waive Indictment and plead to an

1   Information pursuant to a Plea Agreement under Rule

2   11(c)(1)(B); is that correct?

3          ATTORNEY MARKHAM:  Yes, your Honor.

4          ATTORNEY BENZAKEN:  Yes, your Honor.

5          THE COURT:  All right.

6          And, counsel, do you waive a formal reading of the

7   Information?

8          ATTORNEY BENZAKEN:  I do, your Honor.

9          THE COURT:  Is your client ready to proceed?

10          ATTORNEY BENZAKEN:  He is, your Honor.

11          THE COURT:  Mr. Lara, you assist?

12          THE CLERK:  Yes, your Honor.

13          Sir, could you please stand and raise your right hand.

14                  **Liu Zhou, Sworn.**

15          THE CLERK:  Thank you, you may be seated.

16          THE COURT:  Mr. Zhou, do you understand that you are

17   now under oath and that if you answer any of my questions

18   falsely, your answers may later be used against you in another

19   prosecution for perjury or making a false statement?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  You may consult with your attorney

22   privately at any point during these proceedings.  If you need

23   to do so, just let us know.

24          THE DEFENDANT:  Okay, thank you.

25          THE COURT:  Please tell me your full name.

1          THE DEFENDANT:  My first name is L-I-U, announced
2     (sic) Liu.  Last name Z-H-O-U, Zhou.  Liu Zhou.
3          THE COURT:  Tell me how old you are, sir.
4          THE DEFENDANT:  I am 39-years-old.
5          THE COURT:  How far in school did you go?
6          THE DEFENDANT:  Once up to Master's degree from
7     University of Waterloo in management science.
8          THE COURT:  And what is the primary language that you
9     speak?
10          THE DEFENDANT:  Chinese.  Mandarin.
11          THE COURT:  And are you having any difficulty
12     understanding me at all?
13          THE DEFENDANT:  No difficulty.
14          THE COURT:  All right.  You seem very fluent in
15     English.
16          THE DEFENDANT:  Yes, your Honor.
17          THE COURT:  Thank you.
18          Have you recently been treated for any mental
19     illnesses or psychological problems of any kind?
20          THE DEFENDANT:  No, your Honor.
21          THE COURT:  Have you recently been treated for a drug
22     or alcohol problem of any kind?
23          THE DEFENDANT:  No, your Honor.
24          THE COURT:  Have you taken any medicine, prescription
25     or otherwise, that could affect your ability to understand

1    these proceedings and to testify truthfully?

2              THE DEFENDANT:  No, your Honor.

3              THE COURT:  I'm now going to ask you several questions

4    to make sure that you understand your rights and to determine

5    whether you are waiving your rights of your own free will.

6              Have you received a copy of the Information, which is

7    the written charge against you?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  And do you understand that you have been

10   charged in this one count Information with conspiracy to commit

11   market manipulation and wire fraud?

12             THE DEFENDANT:  Yes, your Honor.

13             THE COURT:  As you're presently represented by

14   counsel, have you fully discussed with your attorney the charge

15   against you and any defenses that you might have and the facts

16   and circumstances of your case?

17             THE DEFENDANT:  Yes, your Honor.

18             THE COURT:  And, Counsel, have you communicated all

19   formal offers from the prosecution to accept a plea on terms

20   and conditions that are favorable to your client?

21             ATTORNEY BENZAKEN:  I have, your Honor.

22             THE COURT:  And, Mr. Zhou, are you fully satisfied

23   with your attorney's representation and the advice given to

24   you?

25             THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  I understand that you're prepared to waive
2     your right to be charged by an Indictment.  I have that Waiver
3     of Indictment before me.  Before I ask you whether you intend
4     to waive the right, I need to advise you of the following:
5          Instead of an Indictment, this felony charge against
6     you has been brought by the United States Attorney by the
7     filing of an Information.  Unless you waive Indictment, you may
8     not be charged with a felony unless a Grand Jury finds that
9     there is probable cause to believe that a crime has been
10    committed and that you committed it.  You have a constitutional
11    right to be charged by an Indictment of a Grand Jury, but you
12    can waive that right and consent to being charged by
13    Information of the U.S. Attorney.  If you do not waive
14    Indictment, the government may present the case to the Grand
15    Jury and ask that it indict you.
16         A Grand Jury's composed of at least 16 and not more
17    than 23 people.
18         At least 12 Grand Jurors must find that there is
19    probable cause to believe you committed the crime for which you
20    are charged before you may be indicted.
21         The Grand Jury might or might not indict you.
22         And if you waive Indictment by a Grand Jury, the case
23    will proceed against you on the U.S. Attorney's Information
24    just as though it had been indicted.
25         Do you understand your right to Indictment by a Grand

1    Jury, sir?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Have you discussed waiving your right to

4    Indictment by a Grand Jury with your attorney?

5          THE DEFENDANT:  Yes, your Honor.

6          THE COURT:  Have any threats or promises been made to

7    you to induce you to waive Indictment?

8          THE DEFENDANT:  May I ask the question?

9          THE COURT:  Any threats or promises --

10          THE DEFENDANT:  No threats.

11          THE COURT:  Do you wish to waive your right to

12    Indictment by a Grand Jury?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  And, Counsel, is there any reason why I

15    should not allow your client to move forward at this time with

16    Waiver of Indictment?

17          ATTORNEY BENZAKEN:  No, your Honor.

18          THE COURT:  All right.

19          In reviewing the document before me, Waiver of

20    Indictment, I see a signature in the area for Defendant's

21    signature.  Did you in fact sign that, sir?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  And, Counsel, I also see your name there.

24    And you signed it as well?

25          ATTORNEY BENZAKEN:  I did, your Honor.

1          THE COURT:  All right.  And with that, I will sign.

2          And I will note for the record that Defendant's Waiver

3    of Indictment is made knowingly, voluntarily, and is accepted

4    by the Court.  And for the record, I have executed that waiver.

5          Mr. Zhou, I have your Plea Agreement before me as

6    well.  And this is with the United States Attorney's office.

7    Did you review and sign this Plea Agreement, sir, and is that

8    your signature on the last page?

9          THE DEFENDANT:  Yes, your Honor.

10         THE COURT:  All right.

11         I want you to listen to the prosecutor, because he's

12   going to summarize the terms of this agreement.

13         ATTORNEY MARKHAM:  Thank you, your Honor.

14         The parties entered into a Plea Agreement that was

15   filed with the Court in Docket No. 5 in which the defendant

16   agreed to waive Indictment and plead guilty to one count of

17   Information charging conspiracy to commit market manipulation

18   and wire fraud in violation of 18 U.S.C. Section 371, and to

19   waive certain defenses, including, but not limited to, venue

20   and legal or procedural defects.

21         The Agreement also includes the following terms among

22   others:

23         In Section 3, the parties have agreed to propose to

24   the Court that the defendant's total offense level under the

25   Guidelines is 13.

1    In Section 4, the government agrees to recommend a

2    sentence to the Court that includes, among other conditions, a

3    period of incarceration at the low end of the Guideline

4    Sentencing Range as calculated by the Court.

5    In Section 5, the defendant recognizes that he has

6    certain appellate rights and agrees to voluntarily waive those

7    rights.

8    In Section 7 the defendant recognizes that the Plea

9    Agreement does not affect any civil liability the defendant has

10   incurred or may incur from the conduct in this case.

11   And in Section 8 the defendant recognizes that if he

12   breaches any provision of the Plea Agreement or violates any

13   condition of release, he cannot rely upon such conduct,

14   withdraw his guilty plea.  Further, the government would be

15   released from its obligations under the Agreement, and the

16   defendant would waive certain defenses.

17   That is a summary, your Honor.

18   THE COURT:  Thank you.

19   Sir, did you have an opportunity to read that

20   Agreement, discuss the terms with your attorney before signing

21   it?

22   THE DEFENDANT:  Yes, your Honor.

23   THE COURT:  Has anyone made any other or different

24   promise or assurance of any kind to get you to plead guilty in

25   this case?

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Has anyone threatened or pressured you in

3     any way to persuade you to accept this Agreement?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Do you understand that the terms of the

6     Plea Agreement pertaining to your sentence are merely

7     recommendations to the Court?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  Do you understand that I could reject the

10    recommendation without permitting you to withdraw your plea of

11    guilty, and I could impose a sentence that may be more severe

12    than you anticipate?

13         THE DEFENDANT:  No -- yes, your Honor.

14         THE COURT:  Is that a yes or a no?

15         THE DEFENDANT:  Yes.

16         THE COURT:  Do you want me to repeat the question?

17         THE DEFENDANT:  Okay.  Can you repeat again one more

18    time?

19         THE COURT:  Sure.  I only say that because you said

20    "No, yes" in your response.

21         THE DEFENDANT:  I thought I said yes.  But let's one

22    more time here.

23         THE COURT:  Okay.

24         I think it was more just a habit in the way in which

25    you respond.  So I'm going to go over that one one more time.

1          THE DEFENDANT:  Okay.

2          THE COURT:  Do you understand that I could reject the

3    recommendation without permitting you to withdraw your plea of

4    guilty and I could impose a sentence that may be more severe

5    than you anticipate?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you understand that the offense of

8    which you are pleading guilty is a felony, and upon acceptance

9    of your guilty plea you will be judged guilty of the felony

10   offense?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  If you are a U.S. citizen, your guilty

13   plea may result in your loss of valuable Civil Rights,

14   including the right to vote in many states, the right to hold

15   public office, the right to serve on a jury, the right to

16   possess a gun or any kind of firearm or ammunition.

17         Do you understand that.

18         THE DEFENDANT:  Yes, your Honor.

19         THE COURT:  Let me take a moment and review with you

20   potential immigration consequences in case they apply to you.

21         If you are not a citizen of the United States, your

22   guilty plea may result in immigration and residency

23   consequences, including the possibility that you may be

24   deported or removed from the United States, denied citizenship,

25   and denied reentry to the United States.

1        Do you understand that?

2        THE DEFENDANT:  Yes, your Honor.

3        THE COURT:  And I understand that you currently reside
4   in Canada.  I don't know whether you are or you are not a
5   citizen of the United States, but I read these to everyone.

6        Have you fully discussed any potential immigration
7   consequences that might be applicable to you with your lawyer?

8        THE DEFENDANT:  What's the question again?

9        THE COURT:  Have you fully discussed any potential
10  immigration consequences that might be applicable to you with
11  your lawyer?

12        THE DEFENDANT:  Yes.  Yes, your Honor.

13        THE COURT:  And do you understand that separately from
14  any penalty that I impose there could also be civil tax
15  consequences, such as back taxes, penalties and interest that
16  may be imposed by the IRS separate from these proceedings.

17  A.   Yes, understand.  Yeah.

18        THE COURT:  And please listen to the prosecutor,
19  because he is going to state the maximum possible penalty
20  provided by statute for this offense and any applicable
21  mandatory minimum penalty.

22        ATTORNEY MARKHAM:  Thank you, your Honor.

23        There's no statutory minimum penalty in this case.
24  The maximum penalties are as follows:

25        On Count 1, conspiracy to commit market manipulation

1   and to commit wire fraud, five years of incarceration, three
2   years of supervised release, a fine of up to the greater of
3   $250,000 or twice the gross gain or twice the gross loss, a
4   mandatory special assessment of $100, and restitution and
5   forfeiture as identified in the information.
6           THE COURT:  Thank you.
7           Counsel, are you in agreement with that statement of
8   the law?
9           ATTORNEY BENZAKEN:  Yes, your Honor.
10          THE COURT:  Mr. Zhou, do you understand that I'll have
11  the power to give you a term of imprisonment up to five years?
12          THE DEFENDANT:  Yes, your Honor.
13          THE COURT:  And do you understand that in addition to
14  a prison term, that I'll have the power to give you a term of
15  supervised release which may contain special conditions for up
16  to three years?
17          THE DEFENDANT:  Yes, your Honor.
18          THE COURT:  And do you understand that if you later
19  violate the conditions of your supervised release, you can be
20  given additional time in prison?
21          THE DEFENDANT:  Yes, understand, your Honor.
22          THE COURT:  Do you understand that I also have the
23  power to fine you up to the greater of $250,000 or twice the
24  gross gain or twice the gross loss?
25          THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Do you understand that in addition to

2     everything else, you'll be required to pay $100 special

3     assessment?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  And do you understand that by pleading

6     guilty under your Plea Agreement there are forfeiture

7     consequences and restitution that may be sought?

8          THE DEFENDANT:  Yes, your Honor.

9          THE COURT:  All right.

10         And let me just double check.  Are there currently

11    specified forfeiture?

12         ATTORNEY MARKHAM:  No, your Honor.  I believe under

13    the terms of the Plea Agreement, Section 6, it's a forfeiture

14    money and judgment in the amount to be determined at

15    sentencing.

16         THE COURT:  Thank you.

17         And let me ask the government, please state what the

18    disposition is that the government has agreed to recommend at

19    the time of sentencing.

20         ATTORNEY MARKHAM:  Yes, your Honor.

21         Pursuant to the Plea Agreement Section 4, the U.S.

22    Attorney agrees to recommend the following sentence:

23         Incarceration at the low end of the Guideline

24    Sentencing Range as calculated by the Court.

25         A fine within the Guideline Sentencing Range as

1  calculated by the Court, unless the Court finds that the

2  defendant is not able to or is not likely to become able to pay

3  a fine.

4          Twenty-four months of supervised release.

5          The mandatory special assessment of $100, restitution

6  and forfeiture.

7          THE COURT:  Thank you.

8          So, I now want to talk to you about the United States

9  Sentencing Guidelines and how they might affect your sentence.

10  The Sentencing Guidelines have been issued by the United States

11  Sentencing Commission for judges to consider when determining a

12  sentence in a criminal case.  They are not mandatory.  That

13  means I do not have to follow them.  Nonetheless, they are

14  important and will be considered in arriving at your sentence.

15          Have you and your attorney talked about the sentencing

16  Guidelines and how they might apply in your case?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  I will not be able to determine your

19  guideline sentence until after the probation office has

20  prepared a presentence report.  The presentence report will

21  contain information about you, your criminal history, the crime

22  you committed, and other uncharged or dismissed conduct.  And I

23  may consider all of this information and apply in the

24  Sentencing Guidelines.  The report will also contain a

25  recommended application of the Sentencing Guidelines.  Both you

1    and the government will have an opportunity to read the report,

2    to challenge any facts reported in it, and to challenge the

3    application of the Sentencing Guidelines recommended by the

4    probation office.  I'm required to consider the applicable

5    Guideline Sentence before I impose a sentence on you, but I

6    have the authority to depart from the Guideline Sentence and to

7    impose a sentence that is more or less severe than what the

8    Guidelines call for.

9          Normally you and the government or both may have the

10   right to appeal any sentence that I impose, but do you

11   understand that under your Plea Agreement you're giving up

12   certain appellate rights and those are identified on page 3

13   under Section 5?

14         THE DEFENDANT:  Yes, your Honor.

15         THE COURT:  Do you understand that you have the right

16   to plead not guilty to any offense charged against you and to

17   go to trial?

18         THE DEFENDANT:  Can you repeat the question?

19         THE COURT:  Sure.

20         Do you understand that you have the right to plead not

21   guilty to any offense and go to trial?

22         THE DEFENDANT:  Yes, your Honor.

23         THE COURT:  You have many trial rights that you'd be

24   giving up by pleading guilty in this case.  I'm going to take a

25   moment to review those rights to confirm that you understand

1  them.

2        You have a right to a trial by jury of 12 which would

3  hear the evidence against you and decide if you are guilty or

4  not guilty.  You would only be found guilty if all 12 jurors

5  agreed to your guilt.  You have a right to participate in the

6  selection of the jury.  You are presumed innocent and it is the

7  burden and responsibility of the government to prove you guilty

8  beyond a reasonable doubt.

9        Let me stop there and just inquire.  Do you understand

10 me so far?

11        THE DEFENDANT:  Yes, your Honor.

12        THE COURT:  All right.

13        Let me continue.  You have the right to the assistance

14 of counsel at trial.  You have the right to see and hear all

15 witnesses who testify against you and to have them

16 cross-examined.  That means to have your attorney question them

17 in your defense.

18        You would not be required to put on any evidence in

19 your defense because you are not required to prove your own

20 innocence.  However, you would have the right to put on

21 evidence in your defense, and that includes calling witnesses

22 or offering evidence.

23        Do you understand, sir?

24        THE DEFENDANT:  Yes, I understand, your Honor.

25        THE COURT:  You do have the right to testify, but you

1   also have the absolute right to refuse to testify.  And if you

2   choose not to testify or to put on any evidence, your silence

3   could not be used against you.

4          Do you understand, sir?

5          THE DEFENDANT:  Yes, I understand, your Honor.

6          THE COURT:  And do you understand that by entering a

7   plea of guilty here today, if I accept your plea, there will be

8   no trial, you will have waived and given up your right to a

9   trial as well as the rights that come with the trial that I

10  just described?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Listen to the prosecutor, because he will

13  state the elements of the offense for this particular charge

14  and then I'll ask for a statement of the factual basis.

15         ATTORNEY MARKHAM:  Thank you, your Honor.

16         The elements of conspiracy in violation of 18 U.S.C.

17  Section 371 are that there's an agreement specified in the

18  Information that existed between at least two people to commit

19  market manipulation and to commit wire fraud.  The defendant

20  willfully joined in that agreement, and one of the

21  co-conspirators committed an overt act during the period of the

22  conspiracy in an effort to further the purpose of the

23  conspiracy.

24         The elements of market manipulation in violation of 15

25  U.S.C. Section 78i(a)(2) are that the defendant engaged in a

1    series of transactions in a security which had the effect of

2    raising or depressing price or creating actual or apparent

3    volume, sometimes referred to as the manipulative effect.  And

4    for the purpose of inducing others to buy and sell that

5    security, sometimes referred to as the manipulative purpose.

6            The elements of wire fraud in violation of 18 U.S.C.

7    Section 1343 are that the defendant executed a scheme to

8    defraud.  This scheme involved a false statement, assertion,

9    half-truth, or knowing concealment of a material fact.  The

10   defendant knowingly and willfully participated in the scheme,

11   and that the defendant caused an interstate wire to be used in

12   furtherance of the scheme.

13           THE COURT:  Sir, do you understand the elements of the

14   offense that the government would have to prove beyond a

15   reasonable doubt for you to be found guilty at trial of this

16   charge?

17           THE DEFENDANT:  Yes, your Honor.

18           THE COURT:  Please give your attention to the

19   prosecutor again as he gives me a statement of the factual

20   basis for the plea, that is, what the government would be

21   prepared to prove if this case were to go to trial.

22           ATTORNEY MARKHAM:  Thank you, your Honor.

23           Beginning in or about 2021 and continuing through in

24   or about October of 2024, Zhou conspired with others, including

25   CC-1 and CC-2 referenced in the Information, and others known

and unknown, to develop, promote, and sell MyTrade MM as a tool
to mislead the cryptocurrency markets by artificially inflating
the price and trading volume of cryptocurrencies through wash
trading.  Among the manner and means by which Zhou, CC-1, CC-2,
and others, known and unknown, carried out the conspiracy were
the following:

Advertising on MyTrade MM's public website and other
social media platforms.

Selling the MyTrade MM tool and related services to
clients.

Enabling clients to specify the amount of wash trading
MyTrade MM would provide through MyTrade MM's volume support
software, causing autonomous computer programs known as bots to
engage in wash trading for clients in order to artificially
increase the price in trading volume of various
cryptocurrencies thereby inducing other investors to buy those
cryptocurrencies.

And partnering with cryptocurrency exchanges to offer
MyTrade MM for use on those exchanges.

Zhou and others committed various overt acts in
furtherance of the conspiracy, some of which are identified in
the Information filed in Docket No. 1.  Various overt acts are
agreed upon by the parties in the joint statement of facts that
was filed with the Court as a stipulation, and that's in docket
No. 12, your Honor.

1          THE COURT:  Thank you.

2          Sir, did you hear and understand everything the

3   prosecutor said?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  Do you agree with the factual summary?

6          THE DEFENDANT:  Yes, your Honor.

7          THE COURT:  Do you dispute any of the substantial

8   facts that form the basis of this charge against you?

9          THE DEFENDANT:  No, your Honor.

10          THE COURT:  Are you pleading guilty of your own free

11   will because you are in fact guilty and for no other reason?

12          THE DEFENDANT:  Yes, your Honor.

13          THE COURT:  Attorney Benzaken, did you discuss with

14   your client the elements of the offense that he's charged with

15   and any defenses he might have?

16          ATTORNEY BENZAKEN:  I have, your Honor.

17          THE COURT:  Did you discuss with your client his

18   decision to plead guilty?

19          ATTORNEY BENZAKEN:  I did, your Honor.

20          THE COURT:  Is there any reason to believe that he has

21   not freely made this decision and is pleading guilty for some

22   other reason?

23          ATTORNEY BENZAKEN:  No, your Honor.

24          THE COURT:  Sir, if you still wish to go forward and

25   changing your plea in pleading guilty, we can do that at this

1   time.  What would you like to do?

2            THE DEFENDANT:  Okay, yes.

3            THE COURT:  All right.

4            Mr. Lara.

5            THE CLERK:  Thank you, your Honor.

6            Sir, the United States Attorney for the District of

7   Massachusetts has charged you in a single count Information

8   with one count of conspiracy to commit market manipulation and

9   wire fraud in violation of Title 18, United States Code 371.

10           At this time are you prepared to enter a plea of

11  guilty?

12           THE DEFENDANT:  Yes, your Honor.

13           THE CLERK:  As to Count 1 of the Information, how do

14  you plead, guilty or not guilty?

15           THE DEFENDANT:  Guilty.

16           THE CLERK:  Okay, thank you.  You may be seated.

17           THE COURT:  The Court finds the defendant is fully

18  competent and capable of entering an informed plea.

19           That the defendant is aware of the nature of the

20  charge and the consequences of the plea.

21           And the plea of guilty is a knowing and voluntary plea

22  supported by an independent basis of facts containing each of

23  the essential elements of the offense charged.

24           The last thing that I want to talk to you about is

25  this presentence report.  The probation office will interview

1    you to collect information for this report.  Your attorney may

2    be present for the interview if you wish.  It is the obligation

3    of counsel and the defendant to make themselves available for

4    the interview with the probation office.  It is important that

5    the report be accurate.  It would not only affect what sentence

6    you receive but also affects what happens to you after you are

7    sentenced.  For example, if you are sent to prison, it will

8    affect where you are sent and what happens to you when you get

9    there.  Even minor mistakes in the report should be corrected.

10   Both your attorney and you personally will have the opportunity

11   to speak on your behalf at the time of sentencing.  And I'll

12   refer you to the probation office for the presentence

13   investigation and preparation of the report.

14            Mr. Lara, do we have a date?

15            THE CLERK:  Yes, your Honor.  Thursday, February 27,

16   2025, at 2:30 in the afternoon.

17            THE COURT:  Okay.

18            I did receive information from the probation office

19   with regards to your residence, and I see no reason for a

20   detention.  Is there a request?

21            ATTORNEY MARKHAM:  Nothing from the government, your

22   Honor, no.

23            THE COURT:  All right.  Very good.

24            So we have our next date.  Good luck to you, sir.

25            THE CLERK:  Your Honor, if I may.

1          THE COURT:  Yes.

2          (Discussion held off the record.)

3          THE COURT:  Nothing further?

4          ATTORNEY MARKHAM:  Nothing further, your Honor.

5          THE COURT:  Probation?

6          PROBATION:  Nothing.

7          THE COURT:  Thank you very much.

8          (The Honorable Court Exited.)

9          (Whereupon, at 12:05 p.m., Court Stood in Recess.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    C E R T I F I C A T E

 2

 3

 4    UNITED STATES DISTRICT COURT )

 5    DISTRICT OF MASSACHUSETTS    )

 6

 7

 8            I, Catherine L. Zelinski, certify that the foregoing

 9    is a true and accurate transcription of my stenographic notes

10    from the record of proceedings taken Wednesday, October 30,

11    2024, in the above-entitled matter to the best of my skill and

12    ability.

13

14

15         /s/ Catherine L. Zelinski

16         Catherine L. Zelinski, RPR, CRC      __11/8/2024__
           Official Court Reporter                  Date
17

18

19

20

21

22

23

24

25
```